No. 20,346.

RILEY JOHNSON, *Appellant,* v. FRED THOMAS, *Appellee,* and MARTHA S. WILSON, *Appellant.*

SYLLABUS BY THE COURT.

SURFACE WATER—*Dikes—Flooding Land—Damages.* The evidence examined, and held sufficient to sustain the judgment.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed December 9, 1916. Affirmed.

*Hugh T. Fisher,* and *M. O. Lock,* both of Topeka, for the appellants.

*Z. T. Hazen,* and *R. H. Gaw,* both of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was commenced by Johnson to recover damages from Thomas. The charge was that Thomas maintained a dike extending east and west on the north side of his land, and cut an opening in a dike maintained by Johnson on the east side of the Thomas land, whereby accumulated surface water was cast in volume on Johnson's land. Thomas answered, claiming the land on which the Johnson dike was located, and consequently the right to demolish that dike. He also claimed damages for injury to his land resulting from the erection of that dike. Martha S. Wilson owned a narrow tract of land lying between the Johnson and Thomas farms, was interested in the maintenance of the dike, and claimed title to the land on which it rested. She was made a party. At the conclusion of a trial before the court, judgment was rendered denying damages either to Johnson or to Thomas, and quieting Thomas' title to a strip of land eight feet wide on which the Johnson dike rested. Johnson and Martha S. Wilson appeal.

The errors assigned are that the court denied the motions of Johnson and Martha S. Wilson for a new trial. The only ground of the motions to which the argument of the appellants can apply is that the judgment is contrary to the evidence and contrary to law. Special findings of fact, with conclusions of law separately stated, were not requested or returned, and the case is argued here much as it must have been in the district court. The evidence is quite voluminous, and is conflicting, or open to conflicting interpretations, on every material point.

The first question, in order of importance, related to the location of the boundary line between the Thomas and Wilson tracts. Thomas claimed the line was eight feet east of a hedge which extended north and south on the east side of his land. The next question was whether or not Thomas had lost his right to the eight-foot strip of ground between the hedge and the boundary because of adverse possession by Martha S. Wilson and her predecessors in title. This court is not concerned with any of the various things to be taken into account in determining the weight of the evidence. Its sole concern is with the subject whether or not substantial evidence appears sustaining Thomas' claim respecting boundary, and

sustaining Thomas' title under the rules of law relating to acquisition of title by adverse possession. The appellants do not attempt to segregate all the evidence favorable to Thomas, give that evidence its full probative force, and then discuss its legal effect. They propound a theory of the case, or perhaps two theories, favorable to themselves, and then seek to sustain those theories by marshaling all the evidence in the record which can be utilized for that purpose, and by discounting all the evidence which stands in their way. The court does not propose to recite or to debate the evidence. Accepting that which was favorable to Thomas, the judgment of the district court was abundantly sustained.

With Thomas' right to the land on which the Johnson dike stood, and consequent right to abate the dike, disposed of, the remaining question was whether or not the east-and-west dike on the north side of the Thomas land caused water to be accumulated and cast in volume across the Wilson land and upon the Johnson land, to Johnson's injury. The petition alleged that the surface water on the Thomas land drained toward the north, the dike on the north obstructed its natural flow, it was diverted toward the east, and it debouched on Johnson's land. The answer alleged that the Thomas land drained toward the east, and that the dike, wrongfully erected by Johnson, obstructed the natural flow of the water and caused it to accumulate on the Thomas land. This made an issue of fact with respect to what course water on the Thomas land would take under the influence of gravity. By a system of drainage, consisting of township, road and private ditches and drains, substantially all water was excluded from the Thomas land except that which fell upon it. Sometimes, however, heavy rains would cause a road drain at the west of the Thomas land to overflow, and some water would reach the Thomas land from that source. Thomas testified that his land all slopes toward the east. Just a little of his land slopes toward the north, "but the fall is all east," and water falling on his land runs east. He further testified that water overflowing from the road drain would go east. He has no ground on which water stands. There is a slope to it, and water naturally runs down to a low place on Johnson's land which has been there for years. The dike built by Johnson backed water on Thomas' land and held

it there.   D. F. Ramer, who displayed familiarity with the
situation, testified that the Thomas land drains "a little to the
east, just the same as all the others."   The county surveyor
testified that the only drainage of the land is toward the east,
that is, in an easterly direction; that water falling on the forty-
acre tract north of the Thomas dike would run toward the
southeast—more east than south; that water falling on the
Thomas land south of his dike would run east, and a little
north; and that the Johnson and Wilson tracts lie east of the
Thomas land and are lower than the Thomas land.

The testimony just recited is clearly sufficient to sustain
the judgment.   Conceding that some portion of the water on
the Thomas land would flow a little north in its general
easterly course, and so be restrained by the Thomas Dike, there
was no evidence from which the court could estimate or appor-
tion the  quantity or determine the effect on Johnson's land.

The judgment of the district court is affirmed.